UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARYISE L. EARL,

    Plaintiff,

v.                                          Case No. 23-CV-1017

JENNIFER MCDERMOTT, *et al.,*

    Defendants.

## ORDER

On March 10, 2025, plaintiff Daryise L. Earl, who is incarcerated and representing himself, filed a motion to use his release account to pay his legal fees. (ECF No. 36.) On March 24, 2025, May 15, 2025, and June 18, 2025, Earl filed motions to appoint counsel. (ECF Nos. 37, 39, 43.) On May 15, 2025, Earl filed a motion to compel. (ECF No. 40). On June 18, 2025, he filed a motion to extend the discovery deadline. (ECF No. 41.) On September 5, 2025, he filed a motion to extend the time to respond to the defendants' motion for summary judgment. (ECF No. 56.) On September 10, 2025, he filed a motion to stay the case pending the court's resolution of his outstanding motions. (ECF No. 57.) This order resolves those motions.

**MOTION TO USE RELEASE ACCOUNT (ECF NO. 36)**

Earl requests that the court order the Wisconsin Department of Corrections (DOC) to use the funds in his release account to pay his outstanding legal fees. The Prison Litigation Reform Act requires collection of filing fees from a "prisoner's account." 28

U.S.C. § 1915(b). The term "prisoner's account" encompasses both a prisoner's release account and his general account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). While the PLRA does not prohibit the use of funds in release accounts, leaving it to the discretion of the court, given the purpose of the release account federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the PLRA's filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001).

The court does not discern a reason for allowing Earl to use his release account to pay off his legal debt from his various state and federal cases. His motion is denied.

**MOTIONS TO APPOINT COUNSEL (ECF NOS. 37, 39, and 43)**

In a civil case the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

2

precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of pro bono counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. *Watts v. Kidman*, No. 21-1055, 2022 WL 3038877, at *6 (7th Cir. Aug. 2, 2022).

Earl provided evidence that he made a reasonable effort to hire an attorney on his own. (ECF No. 37-1.) Thus, he has satisfied the first prong. "The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id*. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id*. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id*. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court

may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Earl states he needs a lawyer to help him conduct discovery because he wants assistance in obtaining affidavits and medical records of other prisoners who suffered from similar issues with COVID-19 as he did. He attaches the defendants' response to his discovery showing their objections to providing such information, including potential violations of the Health Insurance Portability and Accountability Act (HIPAA). (ECF No. 37-1.) He also seeks information about how Kettle Moraine Correctional Institution handled testing, which the defendants state they do not have. (ECF No. 43 at 1-2.)

Recruiting Earl a lawyer will not resolve these discovery issues. Neither a lawyer nor the court can force the defendants to violate HIPAA or provide information they do not possess. Also, it is clear from Earl's motions and his discovery requests that he is more than capable of conducting discovery and responding to summary judgment without a lawyer. His motions to appoint counsel are denied.

## THE REMAINING MOTIONS

Regarding Earl's motion to compel (ECF No. 40), it appears he requested to withdraw the motion (ECF No. 38). Even though the motion to compel was filed on May 15, 2025, it is dated April 14, 2025. The letter asking to withdraw the motion was filed April 24, 2025, and appears to reference the motion to compel that was dated April 14, but for some reason was not filed until May 15. As such, the court finds that the letter to withdraw was actually referring to the motion to compel (ECF No. 40) and will consider the motion withdrawn.

4

On June 18, 2025, Earl filed a motion to extend discovery 120 days to allow for further discovery should the court grant his motion to appoint counsel. (ECF No. 41.) Because, as explained above, Earl is not entitled to the discovery he seeks nor does he qualify for the recruitment of a lawyer, an extension of the discovery deadline is no longer necessary. The motion is denied as moot.

On September 5, 2025, Earl filed a motion to extend the deadline to respond to the defendants' motion for summary judgment, and on September 10, 2025, he filed a motion asking the court to stay the case deadlines pending resolution of his outstanding motions. (ECF Nos. 56, 57.) Because the court has now resolved all of Earl's outstanding motions with this order, his motion to stay the case deadlines is denied as moot. The court will grant his motion for an extension of time to respond to the defendants' motion for summary judgment. His response is now due by **October 30, 2025**. The defendants' reply, should they wish to file one, is due in accordance with the applicable local rules.

**IT IS THEREFORE ORDERED** that Earl's motion to use the funds his release account (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Earl's motions to appoint counsel (ECF Nos. 37, 39, 43) are **DENIED without prejudice.**

**IT IS FURHTER ORDERED** that Earl's motion to compel (ECF No. 40) is **WITHDRAWN.**

**IT IS FURTHER ORDERED** that Earl's motion to extend the discovery deadline (ECF No. 41) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Earl's motion to stay the case (ECF No. 57) is **DENIED as moot**. His motion for an extension of time to respond to the defendants' motion for summary judgment (ECF No. 56) is **GRANTED**. His response is now due by **October 30, 2025**. The defendants' reply, should they wish to file one, is due in accordance with the applicable local rules.

Dated in Milwaukee, Wisconsin this 23rd day of September, 2025.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge