# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DARYISE L. EARL,**

> **Plaintiff,**

> v.

**Case No. 23-CV-1017**

**JENNIFER MCDERMOTT, *et al.*,**

> **Defendants.**

---

## ORDER

---

On July 30, 2025, the defendants filed a motion for summary judgment on the merits. (ECF No. 46.) On July 31, 2025, the court issued a notice and order informing *pro se* plaintiff Daryise L. Earl that he had until August 29, 2025, in which to file a response to the defendants' summary judgment motion. (ECF No. 20.) The court cautioned Earl that if by that date he did not respond to the motion or file a letter explaining why he was unable to do so the court would accept all facts asserted by the defendants as undisputed.

The court has since granted Earl several extensions of the response deadline. (ECF Nos. 58, 64, 77, 88.) While there were significant discovery disputes that needed to be ironed out, the court repeatedly warned Earl that he still needed to respond to the defendants' motion for summary judgment. Notably, in its order resolving the last of the outstanding discovery motions, the court stated, "**absent extraordinary circumstances**, the court will not grant Earl another extension of time in which to

respond to the defendants' motion for summary judgment." (ECF No. 86 at 3.) Then, two days before the deadline to file a response, on June 9, 2026, Earl filed another request for an extension. (ECF No. 87.) The court granted it via text only order, extending the deadline to respond to July 1, 2026, almost a year after the motion was filed. (ECF No. 88.) On June 30, 2026, Earl filed yet another motion for extension of time. (ECF No. 89.) The court denied it via text only order, noting Earl did not demonstrate good cause for any further extension. (ECF No. 90.)

The July 1, 2026, deadline has passed and Earl has not filed a response. As such, the court will construe the motion as unopposed. The court has reviewed the motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment on the merits. Because there are no remaining claims, the case is dismissed.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment (ECF No. 46) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED with prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 9th day of July, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

3